Wheeler, J.
The defendants in error brought their suit against the plaintiffs in error to the spring term of 1844 of the district court upon a promissory note. The defendants below were served with process on the 25th day of March, 1844. At the fall term, being the next thereafter, and on the 4th day of October in that term, the defendants not having appeared, judgment by default was taken against them. More than three days thereafter, and on the 19th day of the same month, judgment by default final was taken against the defendants. On the same day on which this definitive judgment was given, it appears from the record that an answer was filed containing a general denial of the averments in the petition.
*(340) And it is now insisted for the plaintiffs in error that:
“The court below erred in giving the judgments final by default when a plea to the merits had been filed.”
TIad the court done this, it would certainly have been error, for we entertain no donbt that by the 5th section of the act of 5th February, 1840 (4 Stat. p. 89, sec. 5), it was intended to give the defendant until “ the very day when a definitive judgment was to have been,” and until in point of fact it had been entered against him, to file his answer. But in the case before us it not only does not appear that the answer “liad leen filed ” when the definitive judgment was given, but every rational and fair presumption is against such a supposition. The only-foundation for it in the record is, that the answer appears to have been filed on the same day on which the final judgment was given. We cannot suppose that the answer was filed secretly and in order to obtain a sinister advantage and delay, by reversing the cause here on error; nor can-we suppose the party not to have been aware that it was incumbent upon him, in order to set aside the interlocutory judgment by default and prevent a final judgment, to bring his answer to the notice of the court. It would indeed be a violent presumption to suppose that had this answer really been filed, and brought to the knowledge of the court, it would have been disregarded, and a judgment final by default nevertheless given; or that had this been done, the party aggrieved would not have reserved and presented the point by a bill of exceptions. The only rational presumption is that no answer was in fact filed until after the final judgment had been taken, when it was too late to avail the party — and this is doubtless in accordance with the legal presumption that the district court has acted id all things rightly until the contrary appear. If for the cause appearing in this record a judgment may be reversed, the action of the district court might never become final. The defendant need only stand by withholding his appearance of record, until the plaintiff has taken his definitive judgment by default, then silently file his answer; and when execution issues and hé can no longer avail himself of this silent and negative mode of defense, prosecute his writ of error to this court and reverse the judgment. The alleged ground of error in this case appears to be an assumption of fact, not warranted by the record.
"We are of opinion that there is no error in the judgment of the district court, and that the writ of error was prosecuted for the delay only.
The judgment must therefore be affirmed with damages.